# UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:15-CR-00016-JAJ-SBJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **FOLLOWING COMPETENCY** |
| ISRRAEL A. SANTIAGO, JR. | ) | **HEARING** |
| | ) | |
| Defendant. | ) | |

On October 28, 2015, defendant filed a sealed motion for mental exam/evaluation. (Dkt. 35).  On November 12, 2015, the undersigned granted the motion for mental evaluation. (Dkt. 36).  Pursuant to such order, (1) defendant was  committed to an institution designated by the Federal Bureau of Prisons for an examination pursuant to 18 U.S.C. § 4241 (b) conducted by a licensed and certified  psychiatrist or psychologist; (2) upon completion of the examination, a report in conformity with 18 U.S.C. § 4247(c) was to be prepared and submitted; and (3) defendant was to be transported back to the Southern District of Iowa so that a competency hearing could be held.

This matter has now been referred to the undersigned for report and recommendation by Chief Judge John A. Jarvey pursuant to 28 U.S.C. § 636(b)(1)(B).  (Dkt. 48).  A competency hearing was scheduled to be held on Friday, April 15, 2016.   However, at the time of that hearing, the government requested the hearing be rescheduled to allow defendant to be reevaluated for competency.  Defendant did not object to such request.  (Dkt. 50).  Accordingly, on April 27, 2016, Dr. Ashley Christiansen met with the defendant at the Muscatine County Jail for further evaluation as to his competency.

A competency hearing was held on April 28, 2016.  Dr. Christiansen testified as to her updated evaluation of defendant.  Exhibit 1, Dr. Christiansen's curriculum vitae and Exhibit 2,

Dr. Christiansen's initial report were received.  Defendant appeared personally and with his attorney,

Diane Helphrey. The government was represented by Assistant U.S. Attorney Richard Westphal.

The matter is fully submitted.

This magistrate judge has carefully considered the record evidence, the arguments

and statements of counsel and submits the following report.  Based on the consistent positions of

Dr. Christiansen, the government and defendant, it is recommended defendant be found competent.

## I.   FACTUAL BACKGROUND

A.  The Current Charge.  Defendant was indicted in this Court on February 19, 2015

on one count of escape from federal custody in violation of 18 U.S.C. § 751(a). (Dkt. 13).

Previously, defendant had been arrested pursuant to a complaint supported by affidavit of law

enforcement.  (Dkt. 3).   An order granting the government's motion for detention of the defendant

was entered on February 18, 2015. (Dkt. 12).   Defendant was arraigned and entered a plea of not

guilty.  (Dkt. 16).  Defendant ultimately entered a plea of guilty on May 27, 2015.  (Dkt. 25).  The

undersigned filed a report recommendation concerning defendant's plea of guilty.  (Dkt. 27).  On

June 19, 2015, Chief Judge John Jarvey entered an order adopting the report and recommendation

concerning the defendant's plea of guilty.  (Dkt. 29).   Prior to sentencing, a motion requesting a

mental exam and order granting the same were entered. (Dkts. 35, 36).[1]

B.   The Competency Evaluation (Exhibit 2).  Pursuant to the order granting the

request for an evaluation, defendant was committed to a Federal Bureau of Prisons ("BOP") facility

for an evaluation and report pursuant to 18 U.S.C. §§ 4241 and 4247(b).  Defendant was sent to the

U.S. Medical Center for Federal Prisoners ("USMCFP") in Springfield, Missouri, where an

---

[1]A similar motion and order were entered in Case No. 3:15-cr-76 concerning this same defendant.

evaluation was conducted by Dr. Ashley Christiansen[2], a licensed clinical psychologist.  On January 13, 2016, Dr.  Christiansen issued a forensic psychological report pursuant to 18 U.S.C. § 4241(b). (Ex. 2).

Defendant was evaluated on the Mental Health Unit at the USMCFP between December 4, 2015 and January 4, 2016.  During that time, defendant was routinely observed on his housing unit by mental health professionals, medical staff and correctional staff.  A routine medical history was obtained, as well as a physical examination.   Defendant participated in individual clinical interviews and routine contacts in his housing units. As part of the evaluation process, Dr. Christiansen reviewed a number of documents including  various court orders and previous reports. (Ex. 2, pg. 2).

In Case Number 3:12-CR-36, previously pending in this Court, defendant underwent an evaluation of his competency to stand trial at a USMCFP between November 9, 2012 and December 14, 2012.  During that evaluation, the defendant denied auditory or visual hallucinations, but behaviors and communications suggestive of a psychotic illness were observed. In the report, with respect to his competency to proceed, defendant was noted to understand the facts of his legal circumstances, but his psychotic illness  precluded his rational understanding of the legal process.  Defendant made illogical, off topic, rambling, paranoid comments, and presented inappropriate, aggressive and disorganized behavior. Given the defendant's presentation, the evaluators opined he was incompetent to proceed to trial at that time.   Defendant was subsequently found by the Court not competent to proceed, and returned to the USMCFP for competency restoration pursuant to 18 U.S.C. § 4241(d), from May 2, 2013 to August 29, 2013. During that evaluation, defendant was

---

[2]Previously, Dr. Christiansen was known as Dr. Ashley Stewart.

compliant with psychiatric medication, and his psychotic symptoms improved quickly and substantially.  Defendant's psychotic symptoms were reevaluated, and the evaluators noted and opined he was competent to proceed.

The Court then found defendant competent to proceed.  Defendant ultimately was convicted and sentenced to 46 months in the custody of the BOP, followed by three years of supervised release.  During his incarceration, defendant did receive psychiatric treatment, and was largely compliant with his prescribed medications from September 2013 until August 2014.  In August 2014, he became intermittently compliant, but in November 2014, he began to comply with medications again, and remained stable until he was released in January 2015. Defendant was assigned a diagnosis of schizophrenia upon release.

For the present evaluation, upon his arrival at the USMCFP on December 4, 2015, defendant was noted as generally oriented to person, place, time and circumstances.  He was cooperative in response to the evaluators' questions, but had difficulty attending to the discussion, and required frequent redirection.  He denied experiencing auditory or visual hallucinations, however, he did appear to be responding to hallucinations.  Defendant exhibited significant concentration difficulties, disorganized thought processes and made nonsensical and illogical statements.

Initially defendant was compliant with antipsychotic medication.  Improvements in defendant's mental status were noted until December 25, 2015, when he became noncomplaint with his medication.   At that time, defendant's mental status decompensated, and his psychotic symptoms reemerged.  Defendant's thought processes became increasingly disorganized, and he refused Dr. Christiansen's attempts to reconsider taking medication.  Defendant denied needing any

medications or any mental health intervention. As his mental status decompensated, defendant became increasingly irritable and agitated towards Dr. Christiansen.   Defendant remained in a secure housing unit throughout the duration of his evaluation.

Dr. Christiansen's assessment finds defendant meets the criteria for schizophrenia. Defendant's most prominent symptoms during evaluation were disorganized speech and thought processes, auditory hallucinations, and paranoid and delusional statements. These symptoms are consistent with those documented in previous evaluations, as well as statements of others who report their interactions with defendant.  Although defendant has a history of abusing substances, which may result in the manifestation of psychotic symptoms in some individuals, his symptoms persist in the absence of any substance use.  Dr. Christiansen further noted that defendant meets criteria for inhalant use disorder, in sustained remission, and cannabis use disorder, in sustained remission.  A diagnosis of attention deficit hyperactivity disorder  is noted to be provisional in nature due to diagnostic uncertainties.   Dr. Christiansen finally noted defendant  appears to meet criteria for antisocial personality disorder.   Although Dr. Christiansen concludes that some of defendant's antisocial conduct may be attributable to his psychotic illness, these behaviors began prior to defendant first manifesting symptoms of schizophrenia, and persist even when his symptoms of schizophrenia are controlled by medication.

With respect to the issue of competency to stand trial, Dr. Christiansen noted that, although defendant required education regarding some information and frequent redirection was necessary, defendant appeared to possess a reasonably good understanding of his legal situation. Further, defendant was receptive to education, and was able to retain information provided when tested a short time later.

However, defendant's rational understanding of the charges and proceedings against him was less well developed than his factual understanding.  Dr. Christiansen concluded that defendant's difficulty in sustaining attention and communicating in an organized manner suggested he would have difficulty testifying on his own behalf, and he would be unlikely to meaningfully engage in court proceedings.  Further, he is prone to verbal and behavioral outbursts, which he may exhibit upon return to court, particularly if his psychotic symptoms are not being managed. Although defendant has a factual understanding of the nature of his case and courtroom procedures, his ability to rationally engage and consider his legal situation appeared impaired at the time of his interviews. Defendant further exhibited a lack of understanding as to why he should be involved in his defense. Given this, Dr. Christiansen opined that defendant's ability to participate meaningfully in his defense is clearly impaired.

Dr. Christiansen concluded that defendant's mental illness rises to the level of a mental disease and impairs his judgment, cognition, behavior, reasoning and thought processes. As a result, defendant does not possess a factual rational understanding of the nature of the charges and proceedings against him, and is unable to adequately participate in his defense.  It was Dr. Christiansen's opinion that defendant is not competent to proceed or make decisions regarding his legal case at the time of her initial report.  Dr. Christiansen further noted that the competency related interviews she conducted were during the time period in which defendant's psychotic symptoms had improved to some extent.  After defendant became noncompliant with his medication he was further compromised in his competency related capacities.

Due to the enduring nature of this illness, it is highly likely defendant will continue to have the psychotic symptoms described without mental health treatment and medication. Given

the improvements defendant noted in the short time he was compliant with medication, Dr. Christiansen indicated it is reasonable to expect that defendant would respond positively to medication in the future.  If defendant agrees to take appropriate antipsychotic medication to treat his symptoms, it is likely he will be restored to competency within the foreseeable future.   Dr. Christiansen recommended that defendant be committed under 18 U.S.C. § 4241(d) for a period of competency restoration treatment.

C.  The Competency Hearing.  At the hearing, Dr. Christiansen testified that she met with defendant on April 27, 2016, in person at the Muscatine County Jail.  Dr. Christiansen stated that, after she prepared her initial report in January, 2016, defendant did start to become compliant with his medications, prior to leaving the USMCFP.   As a result, Dr. Christiansen noted that defendant was making improvements, although he was not still clear of his symptoms.  Dr. Christiansen met with the defendant for approximately one and a half hours on April 27, 2016,  and conducted a further competency evaluation.  With better compliance with his medications, Dr. Christiansen observed that the defendant was more organized and more based in reality.  During this meeting, it appeared to Dr. Christiansen the defendant's factual understanding of the proceedings remained intact and his rational understanding of the proceedings was much improved.  Dr. Christiansen stated that defendant exhibited a reality-based decision making process and a much better thought process that was more reflective of an intact understanding of his current situation.  The defendant presented as generally very organized, very rational and understanding of the decisions he needed to make concerning these proceedings.  Defendant reported to Dr. Christiansen that he continues to be compliant with his medications and Dr. Christiansen's observations of the defendant confirm with her that he is, indeed, continuing to be compliant with his medications.

Based upon her April 27, 2016 evaluation of the defendant, Dr. Christiansen noted the defendant suffers from schizophrenia, but this is in remission.  Therefore, her present opinion is that defendant is competent to proceed, and she is confident defendant will remain competent if he continues to take his medications. Dr. Christiansen observed that the defendant has a better understanding and insight as to the need for his medication, and he can reason appropriately and assist with his defense.

Pursuant to the further evaluation of the defendant by Dr. Christiansen, the government requested that the Court find the defendant competent, and set this proceeding for trial. The defendant also requested that the Court find him to be competent, and to set this matter for trial.

## II.  LAW AND DISCUSSION

A defendant is incompetent to stand trial if it appears "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(d).  There are two elements to the inquiry: "(1) whether 'the defendant has a rational as well as factual understanding of the proceedings against him,' and (2) whether the defendant 'is able to consult with his lawyer with a reasonable degree of rational understanding.'"  *United States v. Ghane*, 593 F.3d 775, 780 (8th Cir. 2010)(quoting *United States v. Denton*, 434 F.3d 1104, 1112 (8th Cir. 2006)); *see United States v. DeCoteau*, 630 F.3d 1091, 1095 (8th  Cir. 2011).

Many factors may bear on a competency determination including, as in this case, the opinions of mental health experts. *Id.* The Court may choose one expert's opinion over that of another. *DeCoteau*, 630 F.3d at 1096; *Ghane*, 593 F.3d at 781. A court may choose to credit a more

recent evaluation over older information. *United States v. Kiderlen*, 569 F.3d 358, 364 (8th Cir.), *cert. denied*, 558 U.S. 1036 (2009). Assessing expert opinions involves more than just looking at the expert's conclusion. "[I]t is not the opinion itself that is important, but the rationale underlying it." *Ghane*, 593 F.3d at 781; *see United States v. Whittington*, 586 F.3d 613, 618 (8th Cir. 2009) ("[E]ven expert opinion on competency rises no higher than the reasons on which it is based; it is not binding upon the trier of facts." (quoting *Feguer v. United States*, 302 F.2d 214, 236 (8th Cir.), *cert. denied*, 371 U.S. 872 (1962))).

Based on a review of Dr. Christiansen's initial report, and Dr. Christiansen's findings and opinions pursuant to her updated competency evaluation conducted on April 27, 2016, this magistrate judge finds that the defendant is presently suffering from a mental disease.   However, as he has been compliant with his medications, such mental disease does not render him mentally incompetent in a manner that he is unable to understand the nature and consequences of the proceedings against him, or is unable to assist properly in his defense.   Indeed, the defendant does have a rational and factual understanding of the proceedings against him, and is able to consult with his lawyer with a reasonable degree of understanding at this time.   As such, this magistrate judge finds the defendant is competent.

### III.   RECOMMENDATION AND ORDER

IT IS RESPECTFULLY RECOMMENDED, that defendant be found competent to proceed with sentencing.   Accordingly, an order scheduling a sentencing hearing will be set by Judge Jarvey's chambers.

IT IS ORDERED that the parties shall have until May 13, 2016, to file written objections to the Report and Recommendation, pursuant to 20 U.S.C. § 636(b)(1), Fed. R. Crim. P. 59(b)(2), and Local Crim. Rule 59.

**IT IS SO ORDERED.**

**DATED** this 29 day of April, 2016.

STEPHEN B. JACKSON, JR.
UNITED STATES MAGISTRATE JUDGE